UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

_____
THOMAS & MARY LOU BOBOLA        )
                                )
            Plaintiff,          )
                                )
v.                              )
                                ) CIVIL ACTION NO. 14-14735
WELLS FARGO BANK, N.A.          )
                                )
                                )
            Defendant.          )
_____

### NOTICE OF REMOVAL

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), hereby gives notice, pursuant to 28 U.S.C. §§ 1441 and 1446, of the Removal to this Court of the action commenced against it identified below, which is currently pending in the Essex County Superior Court. In support of its removal, Wells Fargo states as follows:

### THE ACTION

**1.** Wells Fargo is the named defendant in a suit filed in the Essex County Superior Court, styled Bobola v. Wells Fargo Bank, N.A., Civ. No. ESCV2014-01877. See Exhibit A, *Complaint*.

### SERVICE

**2.** Wells Fargo was served with a copy of a Petition for Injunctive Relief on December 10, 2014.

**3.** Removal is timely as Wells Fargo removed the Action within 30 days from receipt of the pleadings.

### PLEADINGS AND NOTICE TO STATE COURT

1

4. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, certified copies of all pleadings, records, orders and proceedings from the Essex County Superior Court will be filed with this Court. Contemporaneous with the filing of this Notice, Wells Fargo will provide notice to Plaintiffs and will notify the Essex County Superior Court of this Removal.

## STATEMENT OF STATUTORY BASIS FOR JURISDICTION

### A.   This Court Has Jurisdiction Pursuant To 28 U.S.C. § 1332.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. 28 U.S.C. § 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332. As shown *infra*, this Action satisfies both of these statutory requirements.

6. Plaintiffs allege that they are citizens of Massachusetts. See Exhibit A, *Complaint* ¶¶ 1-2.

7. For diversity purposes, a national bank's citizenship is based on the location of its principal office listed in its articles of organization. See 28 U.S.C. § 1348 ("national banking associations" are "deemed citizens of the States in which they are respectively located."); Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318-19 (2006) (holding national bank is located for the purposes of diversity jurisdiction in the state of its principal offices listed in the articles of organization). Accordingly, "Wells Fargo is a citizen of South Dakota for diversity purposes." McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 212 (1st Cir. 2012)

8. Because Plaintiff is a citizen of Massachusetts and Wells Fargo is a citizen of another state, complete diversity exists under 28 U.S.C. § 1332.

9.     In calculating the amount in controversy, the Court should consider the total amount of monetary relief that Plaintiffs seeks to recover, or the financial impact the relief sought would have on the Defendant. See Richard C. Young & Co. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004). (The amount is measured by "the judgment's pecuniary consequences to those involved in the litigation."); see also Dept. of Recreation & Sports v. World Boxing, 942 F.2d 84, 90 (1st Cir. 1991). "In cases that seek equitable relief against foreclosure sales, the fair market value of the property to be foreclosed upon is an acceptable measure of the amount in controversy for purposes of diversity." Bedard v. Mortg. Elec. Registration Sys., Inc., 2011 WL 1792738, at *2-3 (D. N.H. May 11, 2011) (citing cases); Hersey v. WPB Partners, LLC, 2011 WL 587959 *2 (D.N.H. Feb. 8, 2011) (stating that argument "that the amount in controversy exceeds $75,000 because [plaintiff] is seeking to block ... efforts to foreclose on a property worth more than $200,000, which secures a note on which it claims to be owed more than $400,000. ... would be sound" but for the plaintiff's abandonment of that claim.); Aliberti v. GMAC Mortg., LLC, 779 F. Supp. 2d 242, 245 (D. Mass. 2011) (explaining that when equitable relief is sought, "the amount-in-controversy is 'measured by the value of the object of the litigation.'" (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)).

10.    Further, the original amount of the mortgage loan "suffices to show by a preponderance of the evidence that the fair market value of [the borrowers'] property exceeded $75,000 at the time this action was removed." Bedard, 2011 WL 1792738, at *2-3. See also McKenna, 693 F.3d at 212 ("The face-value-of-the-loan rule, of course, has the advantage of perfect simplicity ... .So there is much to be said for such an approach.").

11. In this case, Plaintiff alleges that she seeks to stop the foreclosure on a $302,000.00 mortgage-loan. See Ex. B *Mortgage*. Accordingly, the amount in controversy exceeds $75,000.00.

12. As complete diversity exists and the amount in controversy exceeds $75,000.00, the jurisdictional requirements of 28 U.S.C. § 1332 are satisfied.

13. In the event any question arises as to the propriety of the removal of this matter, Wells Fargo requests the opportunity to submit briefs and be heard at oral argument in support of its position that removal is proper.

WHEREFORE, Wells Fargo respectfully requests that this Court assume jurisdiction over this matter and that no further proceedings be held in the Essex County Superior Court.

Respectfully submitted,

Wells Fargo Bank, N.A..
By its attorneys,

*/s/ Michael R. Stanley*
Michael R. Stanley (BBO# 680957)
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA 02109
(617) 573-4700
(617) 573-4710 (fax)

Dated: December 29, 2014

## **CERTIFICATE OF SERVICE**

      I, Michael R. Stanley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: December 29, 2014          */s/ Michael R. Stanley*