UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS BOBOLA and MARY LOU BOBOLA, )
    Plaintiffs )
     )
     )
         v. ) C.A. No. 14-14735-MLW
     )
WELLS FARGO BANK, N.A., )
    Defendant. )

MEMORANDUM AND ORDER

WOLF, D.J.                                      September 13, 2016

I.   INTRODUCTION

    Plaintiffs Thomas and Mary Lou Bobola brought this action in the Essex County Superior Court of the Commonwealth of Massachusetts. The Bobolas allege that defendant Wells Fargo Bank, N.A. ("Wells Fargo"), unfairly denied them consideration for a mortgage loan modification. They seek to enjoin Wells Fargo Bank from conducting a foreclosure sale until they have been given an opportunity to negotiate a loan modification. Wells Fargo timely removed the case to federal court. The Bobolas have moved to remand. For the reasons explained below, the court is allowing the motion and remanding the case to state court because Wells Fargo has not proven that the amount in controversy in this case exceeds $75,000, which is necessary to establish diversity jurisdiction pursuant to 28 U.S.C. §1332(a).

II.   BACKGROUND

The following facts are drawn from the Complaint, except where otherwise indicated.

In 2003, Thomas and Mary Lou Bobola took out a mortgage on their residence in Methuen, Massachusetts, in the amount of $302,000. See Mortgage (Docket No. 1, Ex. B). Wells Fargo is the current holder of that mortgage. In 2010, Thomas suffered a severe injury that prevented him from working. At that time, the Bobolas owed $189,000 on their mortgage.

The Bobolas contacted Wells Fargo in order to seek a loan modification. A Wells Fargo representative allegedly informed Thomas that they would not be eligible for a loan modification until their loan was in default. The representative assured Thomas that, if the Bobolas defaulted on their loan, there would be substantial opportunities for modification. Acting on this advice, the Bobolas allowed their loan to enter default. In February 2012, they filed a request for a loan modification.

Wells Fargo acknowledged the request for modification, but ultimately did not modify the Bobolas' loan. In July 2014, Wells Fargo told the Bobolas that there were other options to avoid foreclosure. At the same time, it resumed the collections process. The Bobolas informed Wells Fargo that they were represented by counsel. Wells Fargo nevertheless continued to contact the Bobolas directly. According to the Bobolas, Wells Fargo engaged in dilatory

tactics and made intentionally confusing requests to undermine the loan modification process. Wells Fargo foreclosed on the Bobolas' home and scheduled a foreclosure sale for December 17, 2015.

Prior to the foreclosure sale, the Bobolas filed the instant action in the Essex County Superior Court of the Commonwealth of Massachusetts. See Complaint (Docket No. 1, Ex. A). They allege that Wells Fargo breached its duty of good faith and fair dealing in conducting the foreclosure proceedings. See id. ¶¶24-28. They further allege that Wells Fargo misrepresented the availability of a loan modification and the modification process. See id. ¶¶29-33. They ask the court to order Wells Fargo "to provide a fair and reasonable opportunity to negotiate a loan modification" and to enjoin the foreclosure sale until that obligation is complete. Id. ¶35.

On December 30, 2014, Wells Fargo removed this case to federal court. See Notice of Removal (Docket No. 1). Wells Fargo filed an answer to the complaint and, on January 13, 2015, a Motion for Judgment on the Pleadings. On October 28, 2015, the Bobolas filed a Motion for Remand. In their supporting memorandum, the Bobolas argue that because they seek primarily equitable relief the amount in controversy is less than $75,000. See Mem. in Supp. of Mot. to Remand (Docket No. 14) at 1-2. In the alternative, they argue that Wells Fargo is a corporate citizen of Massachusetts and, therefore,

the parties are not diverse. Id. at 3. Wells Fargo has opposed the motion. See Mem. in Opp. to Mot. to Remand (Docket No. 16).

III. LEGAL STANDARD

United States district courts have jurisdiction over civil actions arising under state law "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. §1332(a)(1). If such a civil action is brought in state court, the defendant is entitled to remove the case to a United States district court having jurisdiction. See 28 U.S.C. §1446. After the defendant has removed a case to federal court, the plaintiff may at any time file a motion to remand to state court for lack of subject matter jurisdiction. Id. §1447(c). The removing defendant bears the burden of establishing federal jurisdiction. See Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009).

Diversity of citizenship must be proven by a preponderance of evidence. See Francis v. Goodman, 81 F.3d 5, 6 (1st Cir. 1996). An individual is a citizen of his state of domicile, that is, "'the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" Padilla-Mangual v. Pavia Hosp., 516 F.3d 29, 31 (1st Cir. 2008) (quoting Rodriguez-Diaz v. Sierra-Martinez, 853 F.2d 1027, 1029 (1st Cir. 1988)). A national banking

4

association is a citizen of the state in which it is located. See 28 U.S.C. §1348. This is "the State designated in its articles of association as its main office." Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006).

For purposes of jurisdiction under 28 U.S.C. §1332(a), the "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. §1446(c)(2). However, if the plaintiff seeks "nonmonetary relief" or seeks "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," the defendant may assert an amount in controversy in its notice of removal. Id. §1446(c)(2)(A). If the amount in controversy asserted in the notice of removal is challenged, "removal of the action is proper . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy [asserted by the defendant] exceeds the amount specified in section 1332(a)." Id. §1446(c)(2)(B). As the Supreme Court has explained:

> This provision, added to §1446 as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (JVCA), clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged. In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.

Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). If the amount in controversy is not challenged, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Id.

IV.  ANALYSIS

A.  Diversity of Parties

The Bobolas argue that the parties to this action are not diverse. The Bobolas are citizens of Massachusetts. See Complaint ¶1-2. They assert that Wells Fargo is a citizen of Massachusetts as well because it "conducts an extensive degree of its business, including the control and coordination thereof, within the Commonwealth." Mem. in Supp. of Mot. to Remand at 3. However, as a national banking association, Wells Fargo is a citizen only of "the State designated in its articles of association as its main office." Wachovia Bank, 546 U.S. at 318. That state is South Dakota. See Notice of Removal ¶7. Accordingly, the required diversity of citizenship exists.

B.  Amount in Controversy

The Bobolas argue that the $75,000 amount in controversy requirement has not been met. See Mem. in Supp. of Mot. to Remand at 1-2. The Complaint does not specify the amount of damages sought. See Complaint ¶36. Accordingly, the court looks to the Notice of Removal. See 28 U.S.C. §1446(c)(2)(A). The Notice of

Removal alleges that the amount in controversy is $302,000, the original value of the Bobolas' loan. As indicated earlier, the court must now "decide[], by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Dart Cherokee Basin, 135 S. Ct. at 554 (citing 28 U.S.C. §1446(c)(2)(B)).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). This includes not only the monetary value of the object of the litigation, but also "the judgment's pecuniary consequences to those involved." Richard C. Young & Co. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004). Many courts have held that, in an action to enjoin foreclosure, the amount in controversy is the value of the property at issue. See Chapman v. Deutsche Bank Nat. Trust Co., 651 F.3d 1039, 1045 n.2 (9th Cir. 2011); Morse v. Residential Credit Sols., Inc., No. CIV.A. 11-12275-RWZ, 2012 WL 458492, at *1 (D. Mass. Feb. 13, 2012); Barbosa v. Wells Fargo Bank, N.A., No. CIV.A. 12-12236-DJC, 2013 WL 4056180, at *5 (D. Mass. Aug. 13, 2013); Bedard v. Mortgage Elec. Registration Sys., Inc., No. 11-CV-117-JL, 2011 WL 1792738, at *3 (D.N.H. May 11, 2011) (collecting cases). The face value of the mortgage loan often "suffices to show . . . that the value of the [mortgaged] property exceeded $75,000." Barbosa, 2013 WL

4056180 at *5; Bedard, 2011 WL 1792738 at *2. Indeed, the First Circuit recently expressed a preference for the "face-value-of-the-loan rule," explaining that it "has the advantage of perfect simplicity," and unlike other measures "cannot be manipulated through strategic timing of a filing." McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 212 (1st Cir. 2012). Relying on McKenna and similar cases, Wells Fargo argues that, because the Bobolas seek equitable relief from foreclosure, the amount in controversy is the face value of their loan. See Mem. in Opp. to Mot. to Remand at 3.

"It is reasonable to designate the amount in controversy as the value of the mortgage" where "[the] Defendants' mortgage interest would be extinguished if [the] Plaintiffs were ultimately successful." Larace v. Wells Fargo Bank, N.A., 972 F. Supp. 2d 147, 151 (D. Mass. 2013). In such a case, "it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." Farkas v. GMAC Mortgage, L.L.C., 737 F.3d 338, 341 (5th Cir. 2013). Cases of this sort typically involve challenges to the validity of the mortgage, the defendant's title, or the defendant's authority to foreclose. See, e.g., McKenna, 693 F.3d at 215-16 (plaintiff challenged defendant's title to property and sought rescission of mortgage); Farkas, 737 F.3d at 342 (plaintiff challenged defendants' status as servicer and mortgagee); Chapman, 651 F.3d at 1045 n.2

8

(plaintiff sought to quiet title to property); <u>Larace</u>, 972 F. Supp. 2d at 151 (plaintiff brought petition to try title in mortgaged property); <u>Morse</u>, 2012 WL 458492 at *1 (plaintiff sought declaration that mortgage was unenforceable); <u>Bedard</u>, 2011 WL 1792738 at *3 (plaintiff challenged validity of mortgage assignment).

This is not such a case. The Bobolas do not contest the validity of their mortgage or Wells Fargo's right to foreclose. Rather, they assert a right to "a fair and reasonable opportunity to negotiate a loan modification." Complaint ¶35. Because a loan modification is meaningless if the mortgage is already foreclosed, the Bobolas also seek a temporary injunction against foreclosure sale. <u>See</u> <u>id.</u> However, Wells Fargo's interest in the property is not the object of the litigation. <u>See</u> <u>Lenau v. Bank of Am., N.A.</u>, 131 F. Supp. 3d 1003, 1006 (E.D. Cal. 2015) (where plaintiff seeks injunction to temporarily delay foreclosure, the mortgaged property not the object of litigation).

Moreover, the relief requested in the Complaint, if granted, would not "extinguish" Wells Fargo's interest in the Property. <u>Larace</u>, 972 F. Supp. 2d at 151. "The temporal scope of the injunctive relief sought is crucial to an assessment of its valuation . . . for amount-in-controversy purposes." <u>Carstarphen v. Deutsche Bank Nat. Trust Co.</u>, No. CIVA 08-0511-WS-M, 2009 WL 1537861, at *5 (S.D. Ala. June 1, 2009) (value of temporary

9

restraining order against foreclosure sale was not equal to value of property). If the Bobolas prevail, they will get the opportunity to negotiate a modification, after which the injunction against the foreclosure sale will expire. If Wells Fargo properly determines that the Bobolas do not qualify for a modification, it will be free to sell the Property. If Wells Fargo modifies the Bobolas' loan, it will retain an interest in the mortgage and the concomitant right to foreclose if they again default. In neither case would the injunction permanently prohibit Wells Fargo from asserting its right to the Property. See Lenau, 131 F. Supp. 3d at 1006 (rejecting face-value-of-the-loan rule where plaintiff sought temporary injunction against foreclosure pending decision on loan modification).

The basis of this litigation is the Bobolas' alleged right to renegotiate a loan modification. See Complaint ¶35. The amount in controversy is the value of that right. While the value of an "opportunity to negotiate" is difficult to ascertain, the court finds that the most appropriate measure is the amount of any loan modification to which the Bobolas are entitled. See Aliberti v. GMAC Mortgage, LLC, 779 F. Supp. 2d 242, 245-46 (D. Mass. 2011) (where a plaintiff seeks to enforce a loan modification agreement, the amount in controversy is the amount by which the agreement reduces the plaintiff's debt). Neither the Complaint nor the Notice of Removal provides any information from which the court can

determine that amount. See 28 U.S.C. §1446(c)(2)(A) (where complaint does not allege amount in controversy, court may consider amount alleged in notice of removal). Therefore, Wells Fargo has not met its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. See id. 1446(c)(2)(B); Amoche, 556 F.3d at 48.

V.   ORDER

In view of the foregoing, it is hereby ORDERED that:

1.   The Plaintiffs' Motion to Remand (Docket No. 13) is ALLOWED.

2.   This case is REMANDED to the Essex County Superior Court of the Commonwealth of Massachusetts.


UNITED STATES DISTRICT JUDGE